922 F.2d 837
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stephen Roger WILSON, Plaintiff-Appellant,
v.
HELEN, Illegible, Wally Edgell, of the U.S. Clerk of Courts
Office for the Northern District of West Virginia
and J. Does, Co-conspirators,
Defendants-Appellees.
 No. 90-6840.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 10, 1990.
Decided Jan. 9, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-89-168-E)
 Stephen Roger Wilson, appellant pro se.
 N.D.W.Va.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stephen Roger Wilson appeals from the district court's order dismissing his civil rights suit under 28 U.S.C. Sec. 1915(d) for failure to state a cause of action.[1] Wilson alleges that two clerks for the United States District Court for the Northern District of West Virginia neglected or refused to file several of his pleadings. Because the defendants in this case are federal employees, this case is properly classified as a Bivens action.[2]
 
 
 2
 The district court properly dismissed this action under 28 U.S.C. Sec. 1915(d). Although Wilson claims he was denied access to court he has not alleged that he has been denied leave to file a complaint or suffered any sanctions. Therefore, dismissal without service of process was permissible. See White v. White, 886 F.2d 721 (4th Cir.1989) (inmate's complaint alleging he was denied access to the courts by prison policy requiring him to pay for stamps was properly dismissed under Sec. 1915(d) because inmate did not claim he had suffered any harm).
 
 
 3
 We affirm the district court's decision as modified to show that the dismissal is without prejudice. If Wilson was prejudiced by untimely filings he may refile his complaint stating how he believes he has been prejudiced. We dispense with oral argument because the facts and legal contentions are adequately presented in this record and oral argument would not aid the decisional process.
 
 
 4
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 Because Wilson's notice of appeal was only one day late we consider it timely filed under Houston v. Lack, 487 U.S. 266 (1988) (notice considered filed as of date appellant delivered it to prison officials for forwarding to the court)
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Wilson labels his complaint as one arising under 42 U.S.C. Sec. 1983. However, pro se petitions should not be dismissed solely because the petitioner seeks relief under the wrong statute. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978)